[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION — EMANCIPATION
Antina, born April 22, 1979, brought this petition on August CT Page 10203 14, 1996 for statutory emancipation under General Statutes § 46b-150b (3) and (4). Her father is deceased. Antina was represented by counsel; the mother representing herself vigorously opposed emancipation for her daughter. The court heard the parties and reviewed the exhibits, including unsealed documents which had been submitted by the mother ex parte to the court during the period prior to the hearing. Mother's exhibit M-2. The exhibit contains an annotated thirty five single spaced typewritten page report prepared by the mother.
On March 25, 1996 a neglect petition was filed by the Department of Children and Families (DCF) § 46b-120; § 46b-129. The daughter claims physical violence by her mother. DCF had become involved when school authorities reported a bruise near Antina's eye in November 1995. § 17a-101. However, no DCF representative participated in this hearing and the court took judicial notice of only the front page of the neglect petition, and not the statement of facts or social study. The court therefore did not examine the unsealed document titled "Response to Court" which included the neglect petition, social study and the mother'[s] reply. The court decided this case on it own merits. In this emancipation proceeding, the state was not a party; the issue was between mother and daughter.
The court grants the petition.
I.
Antina separated from her mother and has been living apart since November 11, 1995 with the same host family where she may remain. The host family did not participate in this hearing. According to Antina she and her mother were incompatible with frequent arguments. The petitioner willingly lives separate and apart from her mother albeit without maternal consent. She has not been kidnapped or restrained. She has her own room and catches her school bus at the house driveway. Antina is a senior at Nathan Hale-Ray High School. Separated from her mother, her junior grades slipped but with greater focus she claims a current B average with perfect attendance. Scholastically ambitious, she expects college scholarships. If necessary she will plan for college career without maternal guidance. However, Antina might take advantage of the college material collected by the mother, even though the ultimate decision would be the daughter's.
Antina had a job after school paying $5.10 per hour. She is CT Page 10204 the beneficiary of a social security paternal survivor benefit of $744.00 per month or $171.64 per week. The benefit is payable until the later of her eighteen birthday or graduation of high school. She has no accounting of these funds nor does she know the current status. The only money sent to her by her mother was $150.00 in July 1996. A thank you note concluded "I love you." The mother testified the social security benefits have been deposited in a bank account to be used to cover Antina's college expenses and not for current support. The mother should now provide an accounting.
Antina is in good health. She is unaware of any health insurance coverage or Title 19 benefits after any emancipation.
Because of the fractured mother-daughter relationship, Antina may not be able on her own signature to secure emergency or routine medical treatment, school authorizations or a driver's license for a job.
Antina acknowledges that her family may disown her and eliminate all contact. She does not believe this isolation to be inevitable or permanent. While the maternal grandfather unaware [sic] of any mother-daughter conflict believes his granddaughter can not take care of herself and should return home, he conceded that he would not necessarily reject any overture from his granddaughter.
Although the mother has pressured Antina to return after the separation, the mother rejects reunification for fear the house would not be safe. The mother complaints [sic] her daughter is confused, unstable and lives with an inferior host family. The mother blames the child, host family and the state.
The mother has raised Antina in the absence of a father. The mother complains that her daughter does not conform to family standards. The mother is dedicated to family and home. She has struggled to properly raise her children to be productive and happy adults, yet this teenage girl seeks to manage her own life away from the control of her mother. The mother seeks to solve the mystery of a rebellious teenager by legislation. A better understanding by parents and children of the dynamics of teenage development might be more useful. Emancipation is not inconsistent with mutual respect and love. Gillikin v. Burgage,139 S.E.2d 753. Rather emancipation removes Antina's legal status as a minor. This petition is neither neglect or termination. The CT Page 10205 court need not be a psychologist to decide whether the petitioner has proven a statutory basis for emancipation.
Although the mother claims the situation could previously have been worked out between mother and daughter, she threatens to now cut-off the family support system because of this emancipation effort. But Antina, now seventeen years old, will be eighteen on April 22, 1997 when she would automatically be emancipated, § 1-Id.
II.
The interest of parents in their children is a fundamental constitutional right. Stanley v. Illinois, 405 U.S. 645, 651
(1972); In re Juvenile Appeal (83-CD), 189 Conn. 276, 295 (1983). The emancipation of minors, however, is an ancient common law doctrine originating in Roman law. Under common law, a "minor is emancipated if placed in a new relation inconsistent with the former relation as part of his parent's family." Plainville v.Milford, 119 Conn. 380, 384 (1935). Usually common law emancipation results from the act of the parent relinquishing control and right to the services of the minor, although consent by the parent can be implied.
In addition, Connecticut in 1979 adopted broader statutory emancipation to remove the general disabilities of infancy. § 46b-150d.
III.
Applying the statutory test, the court, after hearing, finds;
 the minor willingly lives separate and apart from her parent, without the consent of the parent, and that the minor is managing her own financial affairs, regardless of the source of any lawful income, and for good cause shown it is in the best interest of the minor that she be emancipated.
Accordingly the court declares that the minor Antina B. is emancipated. This order is effective immediately.
Goldstein, J.
CT Page 1